# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

BENJAMIN M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 2:19-CV-1273-DWC

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes that a 2018 medical opinion from examining psychologist David Mashburn, M.D., unavailable to the Administrative Law Judge ("ALJ") at the time he rendered his decision, indicates that Plaintiff's mental health impairments may have persisted and worsened between 2016 and 2018. This new evidence impacts the ALJ's

evaluation of Dr. Mashburn's earlier opinion, and prevents the ALJ's decision from being supported by substantial evidence.

Dr. Mashburn's 2018 opinion, if credited, would likely result in additional residual functional capacity ("RFC") limitations and may impact the ultimate disability determination.

Accordingly, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Social Security Commissioner ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On February 19, 2016, Plaintiff protectively filed an application for supplemental security income. *See* Dkt. 8, Administrative Record ("AR") 17, 182-90. His application was denied upon initial administrative review and on reconsideration. AR 17, 96-99, 105-15. A hearing was held before ALJ C. Howard Prinsloo on January 31, 2018. AR 40-71. In a decision dated September 21, 2018, ALJ Prinsloo found that Plaintiff was not disabled. AR 14-26. The Social Security Appeals Council denied Plaintiff's request for review on July 10, 2019. AR 1-7. The ALJ's decision of September 21, 2018 is the final decision of the Commissioner subject to judicial review. *See* 20 C.F.R. § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly assess the medical opinion evidence; (2) failing to provide germane reasons for discounting an opinion from Robin Lipsker, LICSW; (3) failing to consider Plaintiff's autism spectrum disorder and panic disorder at step two of the sequential evaluation; and (4) failing to provide clear and convincing reasons for discounting Plaintiff's symptom testimony. Dkt. 10, pp. 3-17.

Plaintiff also contends that a June 2018 opinion from David Mashburn, Ph.D. that was unavailable to the ALJ undermines the ALJ's finding that Plaintiff was not disabled. *Id.* at 18.

| | |
|---|---|
| 1 | STANDARD OF REVIEW |
| 2 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 4 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5 | Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6 | DISCUSSION |
| 7 | **I.    Whether the ALJ erred in evaluating the medical opinion evidence.** |
| 8 | **A.    Dr. Brenda K. Havellana** |
| 9 | Dr. Havellana examined Plaintiff on May 16, 2016. AR 328-34. Dr. Havellana's |
| 10 | evaluation consisted of a clinical interview, a mental status examination, and psychological |
| 11 | testing. Based on this evaluation, Dr. Havellana opined that Plaintiff's ability to understand, |
| 12 | remember, and follow simple and more complex instructions was adequate. AR 334. Dr. |
| 13 | Havellana stated that Plaintiff would likely find consistent and successful engagement in a full |
| 14 | time competitive vocational setting moderately to markedly challenging, depending on the |
| 15 | environment. *Id.* |
| 16 | Dr. Havellana further opined that Plaintiff's reported difficulties with PTSD and panic |
| 17 | attacks could pose a moderate to marked vocational barrier depending on the environment. *Id.* |
| 18 | Dr. Havellana stated that Plaintiff's anxiety "could certainly" impact his absenteeism and |
| 19 | tardiness rates in a vocational setting. *Id.* Dr. Havellana stated that Plaintiff would likely perform |
| 20 | best in more solitary vocational settings. *Id.* |
| 21 | The ALJ assigned "great weight" to Dr. Havellana's opinion, reasoning that it was well |
| 22 | supported by an accompanying interview and examination, and accommodated the limitations |
| 23 | |
| 24 | |

contained in her opinion by restricting Plaintiff to brief, superficial interactions with the public and coworkers. AR 24.

Plaintiff contends that the ALJ erred by not incorporating Dr. Havellana's opinion concerning Plaintiff's ability to perform full time work, his likely absenteeism and tardiness, and his need for a solitary work setting into the RFC. Dkt. 10, p. 4.

The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). To the extent that an ALJ accepts a physician's opinion, he or she must incorporate the limitations contained in that opinion into the RFC. *See Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir.1989).

Here, the ALJ gave great weight to the entirety of Dr. Havellana's opinion, did not express any reservations about the meaning of the limitations contained in the opinion, and found that an RFC restriction to brief, superficial interactions with the public and coworkers was sufficient to accommodate the limitations assessed by Dr. Havellana. AR 24.

The dispositive question here is whether the limitations contained in the RFC are sufficient to accommodate all the limitations assessed by Dr. Havellana, and whether these limitations were intended to be recommendations or imperatives. The ALJ does not need to accommodate a physician's non-imperative recommendation when formulating the RFC. *See Carmickle v. Comm'r, Soc. Sec. Admin*, 533 F.3d 1155, 1165 (9th Cir. 2008) (the ALJ does not err in rejecting a physician's proposal when it is framed as a recommendation rather than an imperative); *Valentine v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 685, 691-92 (9th Cir. 2009) (an ALJ does not err by excluding recommendations from the residual functional capacity finding).

Dr. Havellana's opinion concerning Plaintiff's mental limitations contains numerous conditional and equivocal statements. She stated that Plaintiff "would likely" find consistent and

successful engagement in a full-time vocational setting moderately to markedly challenging "depending on the environment." AR 334. Dr. Havellana stated that Plaintiff's post-traumatic stress and panic attacks "could" impose a moderate to marked vocational barrier "depending on the environment", his anxiety "could certainly" impact his absenteeism and tardiness, and he would "likely" perform best in "more solitary vocational settings." *Id.* As Dr. Havellana's opinion contains a significant degree of ambiguity concerning Plaintiff's precise mental limitations, and since the ALJ did not express any reservations about the meaning of the limitations contained in the opinion or otherwise address the multiple conditional statements, the Court cannot determine whether the ALJ erred when incorporating the limitations assessed by Dr. Havellana into the RFC and is supported by substantial evidence.

**B.     Dr. Mashburn**

Dr. Mashburn examined Plaintiff for the Washington Department of Social and Health Services ("DSHS") on May 16, 2016. AR 335-41. Dr. Mashburn's evaluation consisted of a clinical interview, a mental status examination, and psychological testing. Based on this evaluation, Dr. Mashburn assessed Plaintiff as having a range of moderate and marked mental limitations, and stated that Plaintiff's overall degree of impairment was marked. AR 337.

The ALJ assigned "little weight" to Dr. Mashburn's opinion, reasoning that: (1) Dr. Mashburn stated that Plaintiff's limitations would only last for between 9 and 12 months; (2) Plaintiff was not taking medication or receiving mental health treatment when Dr. Mashburn rendered his opinion; (3) Dr. Mashburn's opinion is inconsistent with Dr. Havellana's opinion from the same day; (4) Dr. Mashburn's opinion is inconsistent with Plaintiff's self-reported activities of daily living; (5) Dr. Mashburn's opinion is inconsistent with the results of his own

mental status examination; and (6) Dr. Mashburn appeared to rely solely on Plaintiff's self-reported symptoms when formulating his opinion. AR 24.

The record contains an additional June 5, 2018 opinion from Dr. Mashburn submitted by Plaintiff after the ALJ issued his decision. AR 32-39. The Appeals Council denied review of Plaintiff's claim and opted not to exhibit this evidence, reasoning that it did not show a reasonable probability that it would change the outcome of the ALJ's decision. AR 2.

This Court must consider this additional material in determining whether the ALJ's decision is supported by substantial evidence. *See Brewes v. Commissioner of Social Security*, 682 F.3d 1157, 1160 (9th Cir. 2012) (when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence).

In Dr. Mashburn's new opinion, he assessed Plaintiff as having additional marked mental limitations in understanding, remembering, and persisting in tasks by following detailed instructions, adapting to changes in a routine work setting, making simple work-related decisions, and setting realistic goals and planning independently. AR 34.

Dr. Mashburn's new opinion indicates that Plaintiff's condition not only persisted after the 9 to 12 months indicated in his May 2016 opinion, but may have worsened after a period of mental health treatment. Dr. Mashburn's opinion is inconsistent with the ALJ's RFC, and undermines many of the ALJ's reasons for discounting Dr. Mashburn's May 2016 opinion. Accordingly, the Court cannot determine whether the ALJ's evaluation of Dr. Mashburn's May 2016 opinion is supported by substantial evidence.

**II.     Other Issues**

Plaintiff maintains that the ALJ erred by not providing germane reasons for rejecting an opinion from Robin Lipsker, LICSW, at step two of the sequential evaluation, and in discounting his subjective symptom allegations. Dkt. 10, pp. 5-7, 12-17. Because Plaintiff will be able to present new evidence and testimony on remand, and because the ALJ's reconsideration of the medical evidence may impact his assessment of Ms. Lipsker's opinion, Plaintiff's severe impairments at step two, and Plaintiff's symptom testimony, the ALJ shall instead reconsider this evidence as necessary on remand.

**III.    Remedy**

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1992). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

No such circumstances present themselves here, and the record is unclear as to whether Plaintiff would be found disabled even if the additional evidence not considered by the ALJ at

the hearing level was credited as true. Accordingly, remand for further administrative proceedings is the appropriate remedy.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 13th day of April, 2020.

David W. Christel
United States Magistrate Judge